**FREEMAN MATHIS & GARY, LLP**
6720 N. Scottsdale Road, Suite 310
Scottsdale, AZ 85253
(602) 805-9564
Jay R. Graif
jay.graif@fmglaw.com

1600 Division Street, Suite 590
Nashville, TN 37203
(615) 208-5899
Lorne G. Hiller
lorne.hiller@fmglaw.com

*Attorneys for Plaintiff Landmark American Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, a New Hampshire corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>MARTHA G. MARTINEZ, individually and as Personal Representative of THE WRONGFUL DEATH ESTATE OF DONALD P. MARTINEZ, Deceased, a New Mexico citizen; BEHAVIORAL HEALTH SERVICES OF NEW MEXICO, LLC d/b/a CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL, a Delaware corporation; and KELLEY WHITAKER, a New Mexico citizen,<br><br>  Defendants. | Case No.<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, Plaintiff LANDMARK AMERICAN INSURANCE COMPANY, by and

through its attorneys, Freeman Mathis & Gary, LLP, for its Complaint for Declaratory Relief

against Defendants MARTHA G. MARTINEZ, individually and as Personal Representative of

1

THE WRONGFUL DEATH ESTATE OF DONALD P. MARTINEZ, Deceased; BEHAVIORAL HEALTH SERVICES OF NEW MEXICO, LLC d/b/a CENTRAL DESERT BEHAVIORAL HEALTH HOSPITAL; and KELLEY WHITAKER, and states as follows:

## I.   PARTIES

1. Plaintiff Landmark American Insurance Company ("Landmark") is incorporated under the laws of the state of New Hampshire, with its principal place of business located in the state of Georgia.

2. Upon information and belief, Defendant Martha G. Martinez ("Martha"), is the personal representative of the estate of Donald P. Martinez ("Donald"), deceased. Donald was a citizen of the state of New Mexico, and as such, Martha shall be deemed to be a citizen of the state of New Mexico. *See* 28 U.S.C. § 1332(c)(2).

3. Upon information and belief, Defendant Behavioral Health Services of New Mexico, LLC d/b/a Central Desert Behavioral Health Hospital ("Behavioral Health") is a Delaware limited liability company with its principal place of business located in the state of New Mexico.

4. Upon information and belief, Defendant Kelley Whitaker ("Whitaker") is a citizen of the state of New Mexico.

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants to this action and the amount in controversy exceeds $75,000, exclusive of costs and interest. This Court also has jurisdiction over this claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.

///

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in or are occurring within this judicial district. In particular, the Settlement Agreement at issue in this matter was entered into in New Mexico.

### III.    GENERAL ALLEGATIONS

**A.    The Incident and Underlying Lawsuit**

7.  Upon information and belief, from April 5, 2022 to April 8, 2022, Donald Martinez was a patient at Behavioral Health.

8.  Upon information and belief, on or about April 8, 2022, another patient at Behavioral Health hit Donald in the head with a walker while Donald was in Behavioral Health's care ("Incident").

9.  Upon information and belief, Donald died on May 1, 2022, due to a femur fracture from the Incident.

10. As a result of the Incident, on August 1, 2023, Martha Martinez brought a lawsuit captioned *Martha G. Martinez, individually and as personal representative of the Wrongful Death Estate of Donald P. Martinez v. Behavioral Health Services of New Mexico, LLC, Behavioral Health Services of New Mexico, LLC d/b/a Central Desert Behavioral Health Hospital, and Kelley Whitaker*, in the First Judicial District for the County of Santa Fe, New Mexico, Case No. D-101-CV-2023-01772 (the "Underlying Lawsuit").

11. As relevant to this litigation, Martha brought causes of action against Behavioral Health for wrongful death; negligence; negligence per se; violation of the Unfair Trade Practices Act; negligent hiring, supervision, training, and retention; and loss of consortium.

///

B.     **Behavioral Health's Notice to Landmark**

12.     On April 25, 2022, counsel for the Martinez' sent a letter to Behavioral Health's Risk Management Division titled "Notice of Tort Claim and request to preserve all relevant evidence" ("Notice").

13.     The Notice provided Behavioral Health with notice of a tort claim in connection with Mr. Martinez's injuries which he allegedly suffered as a result of the Incident.

14.     The Notice stated:

This firm has been retained by Martha G. Martinez and Donald P. Martinez concerning his injuries suffered as the result of being hit in the head with a walker by another patient which caused him to then trip backwards and fall on the early morning hours of April 8, 2022.

You are hereby notified that my client intends to claim damages due from Central Behavioral Health Hospital as a result of negligence, negligent monitoring and supervision and creation of dangerous conditions on its business premises. . . .

Please also let me know if Central Desert Behavioral Health Hospital had, on April 8, 2022, any medical pay coverage which might coincidentally be appliable to this incident and to address my client's considerable medical expenses caused by Mr. Martinez' fall.

15.     The Notice was sent via First Class Mail and Facsimile.

16.     The Facsimile was transpired on April 25, 2022 at 20:03 UTC to fax number 505-247-7986.

17.     Behavioral Health's facsimile number is 505-247-7986.

18.     Behavioral Health represented an envelope with the date stamp of April 27, 2022 ("Envelope") contained the Notice.

19.     The Envelope was sent to 1525 N. Renaissance Center, Albuquerque, NM.

///

20. Behavioral Health's address is 1525 N. Renaissance Center, Albuquerque, NM.

21. Behavioral Health did not provide Landmark with a copy of the Notice.

22. On August 15, 2023, Behavioral Health provided Landmark with notice of the Underlying Lawsuit.

**C.   The Landmark Policies**

23. Landmark issued policies bearing the numbers LHC791665 (effective September 19, 2021 to September 19, 2022) ("2021-2022 Policy") and LHC798625 (effective September 19, 2022 to September 19, 2023) ("2022-2023 Policy") (collectively, "Landmark Policies") to Behavioral Health[1].

24. The Landmark Policies contain the same relevant provisions.

25. The Landmark Policies include an occurrence based Commercial General Liability Form ("CGL Form") and a claims-made-and-reported Professional Liability Form ("PL Form").

26. The Landmark Policies' CGL Form's Insuring Agreement A provides as follows:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1.   Insuring Agreement**
    **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle or defend any "claim" or "suit" that may result. But:
    **b.**   This insurance applies to "bodily injury" and "property damage"

---

[1] Landmark also issued Policy No. LHC852203, effective 09/19/2023 – 09/19/2024, Policy No. LHC861206, effective 09/19/2024 – 09/19/2025, and Policy No. LHC870043, effective 09/19/2025 – 09/19/2026, to Behavioral Health. These policies do not afford coverage for the Underlying Lawsuit for the same reasons set forth herein.

5

        only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or "claim", knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of that "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

    **d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or "claim":

    **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)**    Receives a written or verbal demand or "claim" for damages because of the "bodily injury" or "property damage"; or

    **(3)**    Becomes aware by any other means that the "bodily injury" or "property damage" has occurred or has begun to occur.

27.    The Landmark Policies' CGL Form contains Exclusion V. Prior Knowledge, which provides as follows:

This insurance does not apply to:

Any alleged act, error, omission, or circumstance likely to give rise to a "claim" that an Insured has knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to any prior "claim" or possible "claim" referenced in the Insured's application.

28.    The Landmark Policies' CGL Form's Definitions provides as follows:

**4.**    "Claim" is a written demand for damages because of actual or alleged "bodily injury", "property damage" or "personal and advertising injury" to

which this insurance applies. "Claim" includes any "suit" as defined in this Policy.

29. The Landmark Policies also contain the following Cross Coverage Exclusion – Medical Broad Form, which provides as follows:

*This Endorsement Changes The Policy.  Please Read It Carefully.*
**CROSS COVERAGE EXCLUSION – MEDICAL BROAD FORM**

This endorsement modifies insurance provided under the following:

**MEDICAL PROFESSIONAL LIABILITY COVERAGE PART CLAIMS MADE AND REPORTED BASIS - BROAD COMMERCIAL GENERAL LIABILITY COVERAGE FORM – OCCURRENCE**

The Medical Professional Liability coverage and the Commercial General Liability coverage provided in this Policy are mutually exclusive.

It is agreed that any claim, damages, Supplementary Payments, or any amounts covered under the Commercial General Liability Coverage Form Occurrence RSG 51039 shall not also be covered under the Medical Professional Liability Coverage Part Claims Made and Reported Basis-broad-RSG 51044.

It is further agreed that any **Claim**, **Damages**, or **Claim Expenses** or any amounts covered under the Medical Professional Liability Coverage Part Claims Made and Reported Basis-Broad-RSG 51044 shall not also be covered under the Commercial General Liability Coverage Form Occurrence RSG 51039.  Whenever any **Claim** is determined to be covered, either wholly or in part, by the Medical Professional Liability Coverage Part Claims Made and Reported Basis-Broad-RSG 51044, the Commercial General Liability Coverage Form shall not apply and the maximum liability of the Company shall not exceed the Professional Liability Each Claim limit of liability shown in the Declarations.

All other terms and conditions of this policy remain unchanged.

30. The Landmark Policies also include the following exclusion:

*This Endorsement Changes The Policy.  Please Read It Carefully.*
**EXCLUSION – DESIGNATED PROFESSIONAL SERVICES**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

SCHEDULE

7

| Description of Professional Services: |
|---|
| PSYCHIATRIC HOSPITAL |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph **2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability**:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

31. The Landmark Policies' CGL Form's Insuring Agreement B provides:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
**1. Insuring Agreement**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle or defend any "claim" or "suit" that may result. But:
    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

32. The Landmark Policies' CGL Form's Insuring Agreement B defines "personal and advertising injury" as follows:

    **15.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
        **a.** False arrest, detention, or imprisonment;
        **b.** Malicious prosecution;
        **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
        **d.** Oral or written publication, in any manner, of material that slanders

8

or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** The use of another's advertising idea in your "advertisement".

33. The Landmark Policies' PL Form provides as follows:

**Part I. Insuring Agreement**
**A.     Covered Services**

The Company will pay on behalf of the Insured, as shown in the Declarations, all sums that the Insured becomes legally obligated to pay as **Damages** and associated **Claim Expenses** arising out of a negligent act, error or omission, even if the **Claim** asserted is groundless, false or fraudulent, in the rendering of or failure to render professional services as described in the Business Description on the Declarations, provided that the:

**1.** **Claim** is first made against the Insured during the **Policy Period**, and reported to the Company no later than sixty (60) days after the end of the **Policy Period**;

**2.** Negligent act, error or omission took place in a covered territory;

**3.** Negligent act, error or omission took place after the **Retroactive Date** as shown in the Declarations.

34. The Landmark Policies' PL Form defines Claim as follows:

**C.** **Claim** means a written demand for monetary or non-monetary relief received by the Insured during the **Policy Period**, including the service of suit, or the institution of an arbitration proceeding. Additionally, **Claims** that arise from an incident, occurrence or offense first reported by the Insured during the **Policy Period** and accepted by the Company in accordance with **Part IV. A. Notice of Claim** will be considered a **Claim** first made during the **Policy Period**.

35. The Landmark Policies' PL Form contains Exclusion O, which provides as follows:

This policy does not apply to any Claim or Claim Expenses based upon or arising out of:
* * *
O.   Any alleged act, error, omission, or circumstance likely to give rise to a Claim that an Insured had knowledge of prior to the effective date of this policy. This exclusion includes, but is not limited to, any prior Claim or possible Claim referenced in the Insured's application.

36. The Landmark Policies also provide:

9

**PART IV. General Conditions.** The following Conditions are a precedent to coverage under the Policy:

    A. **Notice of Claim**

        The Insured must notify the Company as soon as practicable of an incident, occurrence or offense that may reasonably be expected to result in a **Claim**. Where notice to the Company of such incidents, occurrences or offenses has been acknowledged as adequate by the Company in writing, subsequent **Claims** derived from such incidents, occurrences or offenses will be deemed as first made at the time the incident, occurrence or offense giving rise to such **Claim** was first provided. The Insured also must immediately send copies to the Company of any demands, notices, summonses or legal papers received in connection with any **Claim**, and must authorize the Company to obtain records and other information. . . .

## IV.   CLAIM FOR RELIEF

### FIRST CAUSE OF ACTION

**(Declaratory Judgment – No Duty to Defend or Indemnify Behavioral Health Under Either of The Landmark Policies' CGL Form)**

    37.    Landmark repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

    38.    The Landmark Polices each contain a Cross Coverage Exclusion – Medical Broad Form endorsement which provides that the "Medical Professional Liability coverage and the Commercial General Liability coverage provided in this Policy are mutually exclusive."

    39.    The Landmark Policies each contain a Cross Coverage Exclusion – Medical Broad Form endorsement which provides that where a claim is covered, either wholly or in part, by the PL form, the CGL form shall not apply and the maximum liability for Landmark is not to exceed the PL form Each Claim limit of liability.

    40.    The Landmark Polices each contain an Exclusion – Designated Professional Services endorsement which exclude coverage under the CGL Form for bodily injury "due to the

rendering of or failure to render any professional service" with respect to psychiatric hospital professional services.

41. Behavioral Health is alleged in the Underlying Lawsuit to have been providing psychiatric hospital professional services at the time of Incident, thereby relieving Landmark of any duty to defend or indemnify Behavioral Health under either of the Landmark Policies' CGL Form for the claims asserted in the Underlying Lawsuit.

42. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the application of the Landmark Policies' CGL Form as it relates to the Underlying Lawsuit.

43. Landmark seeks a judicial determination that it has no duty to defend or indemnify Behavioral Health under either of the Landmark Policies CGL Form for the claims asserted in the Underlying Lawsuit.

44. Such declaration is necessary and appropriate because Landmark has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

45. Such a declaration is appropriate in order that the Parties may ascertain their respective rights and duties under the Policies.

46. Such controversy is incapable of resolution without judicial adjudication.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment – No Duty to Defend or Indemnify Behavioral Health Under the 2022 – 2023 Policy CGL Form)**

47. Landmark repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. Exclusion V of the 2022-2023 Policy CGL Form excludes coverage for "[a]ny

alleged act, error, omission, or circumstance likely to give rise to a 'claim' that an Insured has knowledge of prior to the effective date of this policy."

49. The definition of "Claim" in the 2022-2023 Policy CGL Form states a claim "is a written demand for damages[.]"

50. Counsel for the Martinezes issued a written demand for damages to Behavioral Health by way of the Notice dated April 25, 2022.

51. Upon receipt of the Notice on April 25, 2022, Behavioral Health had knowledge of the alleged act, error, omission, or circumstance likely to give rise to claim against Behavioral Health resulting from the Incident .

52. The effective date of the 2022-2023 Policy was September 19, 2022.

53. As Behavioral Health had knowledge of the Martinez' claim prior to the effective date of the 2022-2023 Policy, Landmark has no duty to defend or indemnity Behavioral Health under the 2022-2023 Policy CGL Form.

54. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the application of Exclusion V of the 2022-2023 Policy CGL Form as it relates to the Underlying Lawsuit.

55. Landmark seeks a judicial determination that it has no duty to defend or indemnify Behavioral Health under the 2022-2023 Policy CGL Form for the claims alleged in the Underlying Lawsuit due to Behavioral Health's knowledge of the Martinez' claim prior to the effective date of the 2022-2023 Policy.

56. Such a declaration is necessary and appropriate because Landmark has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable

injury.

57. Such a declaration is appropriate in order that the Parties may ascertain their respective rights and duties under the 2022-2023 Policy CGL Form.

58. Such controversy is incapable of resolution without judicial adjudication.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment – No Duty to Defend or Indemnify Behavioral Health Under the 2021 – 2022 Policy PL Form)

59. Landmark repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. The Insuring Agreement of the 2021-2022 Policy PL Form only provides coverage where a claim is both "first made against the Insured during the Policy Period, and reported to the Company no later than sixty (60) days after the end of the Policy Period[.]"

61. The definition of "Claim" in the 2021-2022 Policy PL Form states that "Claim means a written demand for monetary or non-monetary relief received by the Insured during the Policy Period."

62. Counsel for the Martinezes sent the Notice to Behavioral Health on April 25, 2022 demanding monetary and/or non-monetary relief from Behavioral Health as a result of the Incident.

63. The effective dates of the 2021-2022 Policy were September 19, 2021 to September 19, 2022.

64. Behavioral Health did not report the claim to Landmark until August 15, 2023 when it sent Landmark a copy of the Underlying Lawsuit.

13

65. As Behavioral Health had notice of the Martinez' Claim prior to the effective date of the 2022-2023 Policy but did not report the claim to Landmark, Landmark has no duty to defend or indemnity Behavioral Health under the 2021-2022 Policy PL Form.

66. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the application of 2021-2022 Policy PL Form as it relates to the Underlying Lawsuit.

67. Landmark seeks a judicial determination that it has no duty to defend or indemnify Behavioral Health under the 2021-2022 Policy PL Form due to Behavioral Health's failure to report the claim to Landmark in accordance with the terms and conditions of the 2021 – 2022 Policy.

68. Such a declaration is necessary and appropriate because Landmark has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

69. Such a declaration is appropriate in order that the Parties may ascertain their respective rights and duties under the 2021-2022 Policy PL Form.

70. Such controversy is incapable of resolution without judicial adjudication.

## FOURTH CAUSE OF ACTION

**(Declaratory Judgment – No Duty to Defend or Indemnify Behavioral Health Under the 2022 – 2023 PL Form)**

71. Landmark repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

72. The Insuring Agreement of the 2022-2023 Policy PL Form only provides coverage where a Claim is both "first made against the Insured during the Policy Period, and reported to the Company no later than sixty (60) days after the end of the Policy Period[.]"

73. The definition of "Claim" in the 2022-2023 Policy PL Form states that "Claim means a written demand for monetary or non-monetary relief received by the Insured during the Policy Period."

74. Counsel for the Martinezes issued a written demand for damages to Behavioral Health by way of the Notice dated April 25, 2022.

75. The effective dates of the 2022-2023 Policy were September 19, 2022 to September 19, 2023.

76. As Behavioral Health received the claim from the Martinezes prior to the inception of the 2022 – 2023 Policy, Landmark has no duty to defend or indemnity Behavioral Health under the 2022-2023 Policy PL Form for the claims asserted in the Underlying Lawsuit.

77. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the application of 2022-2023 Policy PL Form as it relates to the Underlying Lawsuit.

78. Landmark seeks a judicial determination that it has no duty to defend or indemnify Behavioral Health under the 2022-2023 Policy PL Form due to Behavioral Health's receipt of the Claim by way of the Notice prior to the inception of the 2022 – 2023 Policy in accordance with the terms and conditions of the 2022 -2023 Policy.

79. Such a declaration is necessary and appropriate because Landmark has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

80. Such a declaration is appropriate in order that the Parties may ascertain their respective rights and duties under the 2022-2023 Policy PL Form.

81. Such controversy is incapable of resolution without judicial adjudication.

**FIFTH CAUSE OF ACTION**

**(Declaratory Judgment – No Duty to Defend or Indemnify Behavioral Health)**

82. Landmark repeats and re-alleges paragraphs 1 through 81 as if fully set forth herein.

83. Exclusion O of 2022-2023 PL Form excludes coverage if Behavioral Health had knowledge of "[a]ny alleged act, error, omission, or circumstance likely to give rise to a Claim … prior to the effective date of this policy.  This exclusion includes, but is not limited to, any prior Claim or possible Claim reference in the Insured's application."

84. The April 25, 2022 Notice sent by Counsel for the Martinezes to Behavioral Health set forth facts identifying alleged acts, errors, omissions, or circumstances likely to give rise to claim against Behavioral Health relating to the Incident.

85. The effective dates of the 2022-2023 Policy were September 19, 2022 to September 19, 2023.

86. As Behavioral Health knew of the alleged acts, errors, omissions, or circumstances likely to give rise to a claim against Behavioral Health prior to the inception of the 2022 – 2023 Policy, Landmark has no duty to defend or indemnify Behavioral Health under the 2022-2023 Policy PL Form for the claims asserted in the Underlying Lawsuit.

87. An actual, present, and existing controversy exists among the parties to this lawsuit regarding the application of 2022-2023 Policy PL Form as it relates to the Underlying Lawsuit.

88. Landmark seeks a judicial determination that it has no duty to defend or indemnify Behavioral Health under the 2022-2023 Policy PL Form due to Behavioral Health's knowledge of the alleged acts, errors, omissions, or circumstances likely to give rise to a claim against Behavioral

Health prior to the inception of the 2022 – 2023 Policy.

89.  Such a declaration is necessary and appropriate because Landmark has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury.

90.  Such a declaration is appropriate in order that the Parties may ascertain their respective rights and duties under the 2022-2023 Policy PL Form.

91.  Such controversy is incapable of resolution without judicial adjudication.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Landmark prays for relief as follows:

1.  For a judgment that, by reason of the terms, conditions, and exclusions in the Landmark Policies, Landmark has no duty to defend or indemnity Behavioral Health under either of the Landmark Policies for the claims asserted in the Underlying Lawsuit;

2.  For an award of Landmark's reasonable attorney's fees, costs, court fees, pre-judgment and post-judgment interest, as allowed by law, and any and all other costs and fees allowed by law against the Defendants; and

3.  On all causes of action, for such other and further relief as this Court deems just and proper.

Dated: October 10, 2025      Respectfully submitted,

/s/ *Jay R. Graif*
Jay R. Graif
**FREEMAN MATHIS & GARY, LLP**
4343 N Scottsdale Road, Suite 150
Scottsdale, AZ 85251
Telephone:   602.813.0468
Email:       jay.graif@fmglaw.com

Lorne G. Hiller
**FREEMAN MATHIS & GARY, LLP**
1600 Division Street, Suite 590
Nashville, TN 37203
Telephone:    615.208.5899
Email:        lorne.hiller@fmglaw.com

*Attorneys for Landmark American Insurance Company*

Lorne G. Hiller
**FREEMAN MATHIS & GARY, LLP**
1600 Division Street, Suite 590
Nashville, TN 37203
Telephone:    615.208.5899
Email:        lorne.hiller@fmglaw.com

*Attorneys for Landmark American Insurance Company*